# Bookwalter et al., Appellants, *v.* Mount Union Borough.

*Negligence—Municipalities—Sidewalks—Defects— Contributory negligence—Nonsuit.*

In an action against a municipality to recover for injuries sustained in consequence of a fall over a pile of broken brick on a sidewalk, a compulsory nonsuit was properly entered where it appeared that plaintiff had passed over the sidewalk twice before on the same day and had seen the broken brick upon it, but on the occasion of the injury did not look to see whether the obstruction still existed.

Argued April 18, 1917.   Appeal, No. 371, Jan. T., 1916, by plaintiffs, from order of C. P. Huntingdon Co., Dec. T., 1915, No. 15, refusing to take off nonsuit in case of J. G. Bookwalter and Ida Bookwalter, his wife, v. The Borough of Mount Union.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART and WALLING, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before BAILEY, P. J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit which it subsequently refused to take off.   Plaintiffs appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Samuel I. Spyker,* for appellants.

*Charles E. Hower,* for appellee.

PER CURIAM, May 14, 1917:

In broad daylight, on a May morning, Ida Bookwalter fell on a sidewalk in the Borough of Mount Union, and this action was brought to recover compensation for the injuries she sustained.   Her fall was caused by stepping on spalls or broken brick, and the negligence with which she charged the municipality was its failure to remove the brick or stone from the sidewalk.   The borough may have been negligent in this respect, but the contributory negligence of the plaintiff was clear, and it was the duty of the court below to sustain the defendant's motion for a nonsuit.   Just before she fell she was crossing the entrance to an alley and approaching a curb on the sidewalk alongside of the entrance.   The curb projected ten inches above the sidewalk, on the north side of it, the direction in which the plaintiff was walking.   She testified that she had passed over the sidewalk twice before on the same day and had seen the spalls on it.   That she failed to exercise the proper degree of care at the time

she fell conclusively appears from her own admission. Her testimony as to this is as follows: "Q. If you had looked over the curb you would have seen the spalls that were there, couldn't you. It was broad daylight? A. Yes. Q. When you came to that curb you didn't look over to see them? A. No, sir.......Q. The reason you didn't see the spalls on the opposite side of the curb, when you stepped over, was because you didn't look to see them, is that true? A. Yes, sir."

Judgment affirmed.